## WILLIAMS v. WEIDMAN.

NEGLIGENCE—PROXIMATE CAUSE—INFECTED MEAT.

Where defendant, a butcher, sold to a retailer a beef carcass without notice that it was infected, the negligence of defendant was not the proximate cause of an injury to an experienced clerk, who, in cutting it up with knowledge of its putrid condition, contracted blood poisoning through a cut upon his hand made shortly before.

Error to Shiawassee; Smith, J. Submitted November 17, 1903. (Docket No. 125.) Decided January 12, 1904.

Case by Fred H. Williams against Frank Weidman for damages sustained through a sale of infected meat. From a judgment for plaintiff, defendant brings error. Reversed.

*Selden S. Miner* (*Watson & Chapman*, of counsel), for appellant.

*Walsh & Pardee* for appellee.

HOOKER, J. Weidman, the defendant, was a butcher, and was in the habit of furnishing meat to Barnes, a retailer. The plaintiff was in Barnes' employ, as clerk, his duty being to cut and sell meat. Weidman sold to Barnes a beef carcass, and it was put in Barnes' refrigerator on Saturday. Plaintiff saw it, and helped put it in the refrigerator. The animal had been injured by a tree falling on it, and subsequently killed. It is claimed that this fact was unknown to Barnes and to the plaintiff, though there is a conflict in the testimony as. to Barnes' knowledge. On Wednesday plaintiff found that the meat was putrid, and removed it from the refrigerator to the back room, and an hour or two later proceeded to cut it up and dispose of it. Soon after, he was taken ill, and after his recovery he brought this action against Weidman, claiming that in cutting up the meat he contracted blood poison through a cut. upon his hand made shortly before. He recovered a verdict and judgment, and defendant has brought error.

Had the defendant made known the fact that this meat was putrid, there would have been no liability, either civil or criminal, whether Barnes, the purchaser, informed the plaintiff of the fact or not. The only ground upon which the plaintiff can claim to recover is that this knowledge was concealed from him, and it is fully met by his own testimony that he was in possession of such knowledge before attempting a disposition of the meat which led to his in-

jury.   If there is any evidence that the meat was infected when sold, it is conclusively shown that the plaintiff discovered its condition to be so bad as to demand removal. He was a butcher of a year or more of experience; he had cut his finger the day before, and had the unhealed wound upon his hand.   Without taking any care to protect himself, he proceeded to handle and cut up meat that he knew to be in an advanced stage of putridity, and *afterwards* took no precautions against the consequences, and, without even washing his contaminated hands, proceeded to serve customers in the shop, which common decency and common prudence forbade.   Without saying that this was contributory negligence, it is clear that defendant's negligence, deceit, concealment, or even criminality, was not the cause of this injury.   Instead of being induced to cut up this meat because he had been told that it was not putrid, the plaintiff did it because he knew that it was so.

The judgment is reversed, and, as these facts are fully admitted, there is no occasion to order a new trial.

The other Justices concurred.